[1]Estado Libre Asociado de Puerto Rico

**TRIBUNAL DE APELACIONES**
**PANEL XI**

| JUAN C. PÉREZ OLMO RECURRIDO V. MAYAGUEZ MEDICAL CENTER DR. RAMÓN EMETERIO BETANCES, INC. PETICIONARIOS | KLCE202301292 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez Civil Núm.: MZ2022CV00709 Sobre: Despido injustificado (Ley Núm.80), discrimen (Ley Núm. 100), represalia en el empleo (Ley Núm. 115-1991) |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, y la Jueza Álvarez Esnard.

Brignoni Mártir, Juez Ponente.

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de noviembre de 2023.

El 17 de noviembre de 2023 Mayagüez Medical Center Dr. Ramón Emeterio Betances, Inc (en adelante Hospital o parte peticionaria) presentó una *Petición de Certiorari* en la que solicita que modifiquemos la *Resolución y Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI), el 6 de noviembre de 2023. Acompañó su recurso con una *Moción en Auxilio de Jurisdicción al amparo de la Regla 79 del Reglamento del Honorable Tribunal de Apelaciones* en la que peticiona que paralicemos los procedimientos del caso de epígrafe hasta tanto adjudiquemos el recurso incoado.

Por los fundamentos que expondremos a continuación *denegamos* la expedición del auto y declaramos *No Ha Lugar* la solicitud de paralización.

I

El 17 de mayo de 2022, Juan C. Pérez Olmo (en adelante "Dr. Pérez" o recurrido) presentó una *Demanda* contra el Hospital por despido

injustificado, discrimen por orientación sexual, origen nacional y raza, represalia y acoso laboral. Alegó haber sufrido daños físicos, sufrimientos y angustias mentales valoradas en $150,000.00. Solicitó además ser reinstalado en su puesto como médico residente, los ingresos dejados de devengar desde el despido y la mesada.

Estando el caso en el proceso de descubrimiento de prueba el Hospital anunció como perito a la psicóloga María del Mar Torres Suria y requirió que el Dr. Pérez se sometiera a un examen mental a ser realizado por ésta. El Dr. Pérez accedió al examen y a que su duración fuera de 4 horas. Con posterioridad, el Hospital notificó al Dr. Pérez que debería suscribir unos documentos durante la evaluación. Por su parte, el recurrido solicitó que se le adelantara a sus abogados dichos documentos con el fin de que pudieran examinarlos previamente y no dilatar el proceso, pues, ante la duda que pudiera tener sobre el efecto legal de la firma de algún documento durante la evaluación, tiene derecho a consultar con su abogado. Ante ello, el Hospital respondió que la evaluación no tenía límite de tiempo pues eso dependía del perito y que no tenían control de los documentos que el perito le haría llegar. Ante el impase suscitado las partes optaron por acudir al tribunal para que este pautara las condiciones de la evaluación.

A tales efectos, el 6 de noviembre de 2023 el TPI emitió y notificó la *Resolución y Orden* recurrida. En esta negó la solicitud de producción de formularios del Dr. Pérez Olmo, estableció que el tiempo de duración de la evaluación sería hasta un máximo de 7 horas y ordenó a los abogados del Dr. Pérez Olmo a comparecer a la evaluación junto a su representado.

En desacuerdo el Hospital presentó la *Petición de Certiorari* ante nuestra consideración. En esta solicita que modifiquemos la determinación del foro de instancia a los efectos de requerir durante la evaluación pericial del Dr. Pérez Olmo la presencia de sus abogados pues a su juicio:

> Erró el TPI al ordenar a la representación legal del Demandante-Recurrido a comparecer a la evaluación pericial a serle realizada a éste pues resulta improcedente en Derecho e interferirá indebidamente en el proceso de la

misma, además de que el Demandante-Recurrido nunca solicitó tal remedio.

En esencia alegó en su recurso que por cuanto el Dr. Pérez Olmo alegó en su *Demanda* sufrimientos y angustias mentales, puso en controversia su estado emocional e hizo imprescindible que se le realice una evaluación psicológica que permita la búsqueda de la verdad. A su vez, argumentó que no existe circunstancia excepcional que amerite que el Dr. Pérez Olmo sea acompañado por sus abogados a la evaluación pericial.

A solicitud nuestra el Dr. Pérez Olmo presentó su *Moción en cumplimiento de Orden.* En ésta sostuvo la procedencia de la *Resolución y Orden* emitida por el TPI ya que según razonó, determinar lo contrario sería negarle asesoramiento legal y a la vez ponerlo en riesgo de suscribir, completar y firmar documentos sin saber la implicación legal que esto pueda tener.

Contando con la posición de ambas partes estamos en posición de resolver la controversia ante nuestra consideración.

II

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491; *Caribbean Orthopedics v. Medshape et al*, 207 DPR 994 (2021); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020). Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. Medina Nazario v. McNeil Healthcare LLC, 194 DPR 723, 729 (2016); *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 51 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF*

*Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. (Énfasis nuestro). 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). Sin embargo, tal discreción no opera en el abstracto. *Íd.* La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando

se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta*., 117 DPR 729, 745 (1986).

III

El Hospital nos solicita que modifiquemos una determinación interlocutoria mediante la cual el TPI dictó las condiciones bajo las cuales se llevaría a cabo la evaluación psicológica del Dr. Pérez Olmo. Por cuanto no se trata de una determinación en torno a la admisibilidad peritos esenciales, ni a asuntos relativos a privilegios evidenciarios, la determinación recurrida no está entre las instancias que la Regla 52.1 de Procedimiento Civil, *supra,* nos faculta a intervenir de manera interlocutoria.

Además, luego de examinar detenidamente los argumentos de las partes no encontramos cumplido ninguno de los criterios de la Regla 40, *supra*, de nuestro reglamento que nos mueva a intervenir con la discreción que el foro primario tiene sobre el manejo del descubrimiento de prueba.

IV

Por los fundamentos antes expuestos *denegamos* la expedición del auto y declaramos *No Ha Lugar* la moción en auxilio de jurisdicción.

**Notifíquese inmediatamente.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones